UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOLETHA GILMORE** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 10-610 |
| | * | |
| **AMERICAN SECURITY INSURANCE COMPANY** | * | SECTION "L"(1) |

### ORDER & REASONS

Before the Court is Defendant American Security Insurance Co.'s Motion to Dismiss for Lack of Jurisdiction. (R. 9). The Court having reviewed the submitted memoranda and the applicable law, is now ready to rule. For the following reasons, Defendant's Motion to Dismiss is GRANTED.

### I.    BACKGROUND

This case involves claims for damages arising from losses sustained by the home of Plaintiff Toletha Gilmore as a result of Hurricane Katrina. Plaintiff originally brought her claims together with numerous other plaintiffs in *Abadie v. Aegis Security Insurance Co.* (Case No. 07-5112), a case which sought to proceed as a class action. Her claims were subsequently consolidated with the levee breach litigation, *In re Katrina Canal Breaches Consolidated Litigation* (Case No. 05-4182), before being severed into *Adams v. American Security Insurance Co.* (Case No. 09-2609). The present action was then severed from *Adams* pursuant to a severance order entered in January 2010. In her individual Complaint, filed in February 2010, Plaintiff asserts that this Court has subject matter jurisdiction over her case under 28 U.S.C. § 1332(a), which confers diversity jurisdiction on the federal district courts. *See* Pl.'s Supp. &

1

Am. Compl. ¶ II (R. 1).

On August 25, 2010, Defendant filed the present Motion to Dismiss for Lack of Jurisdiction. (R. 9). Defendant argues that this Court does not have subject-matter jurisdiction over Plaintiff's case because the amount-in-controversy requirement is not met. Defendant contends that, in a claim based on recovery under an insurance policy, the amount in controversy is the lesser of the value of the claim under the policy or the value of the policy limit. In this case, the value of the policy is $36,000.00, and Defendant asserts that it has paid $25,235.54, leaving only $10,764.46 available under the policy. *See* Def.'s Exs. B, D (R. 9). Defendant also avers that Plaintiff has not presented evidence indicating that she would be entitled to damages, penalties, or attorney's fees. Defendant thus concludes that Plaintiff has not shown that her claims exceed $75,000.

Plaintiff opposes Defendant's motion on two grounds. First, she argues that she satisfied the jurisdictional requirements at the time that she brought her claim in *Abadie*. Second, she argues that the various extra-contractual damages, penalties, and attorney's fees she seeks under Louisiana law put her above the jurisdictional requirement.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) can present either a facial attack or a factual attack. "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "A

'factual attack,' however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *Id.* When presented with a factual attack, a district court must "decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In other words, "the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). A court's disposition of a motion to dismiss for lack of subject-matter jurisdiction may thus rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). "The burden of proof for a Rule (12)(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

    **B.**    **Amount-in-Controversy Requirement**

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

As a threshold matter, Plaintiff urges the Court to look to the time when she originally brought her claim -- that is, when Plaintiff filed suit in *Abadie* – to determine whether the present action satisfies these jurisdictional requirements. Plaintiff, in other words, contends that the subsequent severance of her claims has no impact on the jurisdictional inquiry. This is incorrect. As the Fifth Circuit has explained, "[i]n assessing whether [there is] subject matter jurisdiction,

we generally look to the time at which the action commenced." *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431-32 (5th Cir. 2005)(citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994)).  "However, a severed action must have an independent jurisdictional basis." *Id.*(citing *United States v. O'Neil*, 709 F.2d 361, 375 (5th Cir.1983)). Accordingly, this Court must "look to the point at which [this] action was severed" from *Adams* to determine whether the present action satisfies the jurisdictional requirements.  *Id.* at 432.

In general, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995)(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  The Fifth Circuit has held, however, that this "legal certainty" test applies only in the "typical diversity situation" where a plaintiff expressly alleges damages that exceed the jurisdictional amount.  *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)(noting that the legal certainty test "has limited utility – in fact is inapplicable – when the plaintiff has alleged an indeterminate amount of damages"). Where a plaintiff does allege a specific amount of damages, that "sum . . . controls if the claim is apparently made in good faith."  *St. Paul Mercury*, 303 U.S. at 288.

The inquiry is different "when a complaint does not allege a specific amount of damages."  *St. Paul Reinsurance*, 134 F.3d at 1253.  In such a case, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *Id.*(quoting *Allen*, 63

F.3d at 1336).  If it is not facially apparent from the complaint that the claims exceed $75,000, the court will look to "'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253(quoting *Allen*, 63 F.3d at 1336).  In this case, Plaintiff has not alleged a specific amount of damages in her Complaint.  As such, the Court is to determine whether Plaintiff has pled factual allegations or otherwise proffered evidence that, together, indicate that the amount that is in controversy more likely than not exceeds $75,000.

Plaintiff in this case is seeking to recover payments under the insurance policy.  Where a plaintiff seeks such a recovery, the amount-in-controversy is generally the lesser of the value of the claim under the policy or the value of the policy limit.  *See Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959).  Plaintiff's Supplemental and Amending Complaint does not specify either of these values, but both parties have proffered evidence that the insurance policy limits Plaintiff's recovery to $36,000.00.  *See* Def.'s Ex. A (R. 9); *see* Pl.'s Ex. (R. 15).  Plaintiff has also proffered evidence that she has received $9,793.03 under the policy, and Defendant has proffered evidence that it has paid Plaintiff an additional $15,442.52, thereby leaving $10,764.46 available under the policy limits.  *See* Pl.'s Ex. (R. 15); Def.'s Ex D (R. 9).  Accordingly, the Court finds that the amount recoverable under the policy for the alleged property damage is $10,764.46.

Although this in and of itself is below the jurisdictional amount, Plaintiff argues that she nonetheless satisfies the amount-in-controversy requirement because she seeks extra-contractual forms of relief under the applicable Louisiana statutes.  In particular, Plaintiff seeks to recover general and special damages, including damages for mental anguish, under La. Rev. Stat. Ann. §

22:1220(A), (B)(5)-(6), *renumbered as* La. Rev. Stat. Ann. § 22:1973(A), (B)(5)-(6). *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304 (5th Cir. 2009)(holding that damages for mental anguish are available under Section 22:1220). She also seeks a statutory penalty in the amount of "two times the damages sustained" under La. Rev. Stat. Ann. § 1220(C), *renumbered as* La. Rev. Stat. Ann. § 22:1973(C).[1] For purposes of this penalty, the "damages sustained" encompasses both the amount to which Plaintiff would be entitled under the policy, as well as the general and special damages Plaintiff would be able to recover. *See Buffman Inc. v. Lafayette Co.*, 2009-0870 (La. App. 4 Cir. 4/14/10); 36 So.3d 1004, 1026-27. And finally, Plaintiff seeks attorney's fees under La. Rev. Stat. Ann. § 22:658(B)(1), *renumbered as* La. Rev. Stat. Ann. § 22:1892(B)(1). *See Calogero v. Safeway Ins. Co. of La.*, 1999-1625 (La. 1/19/00); 753 So. 2d 170, 174. All of these forms of relief are to be considered in determining the amount in controversy. *See, e.g.*, *St. Paul Reinsurance*, 134 F.3d at 1253 ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages--just not interest or costs.").

For purposes of the present case, in adding the remaining funds available under the policy limits to the potential general and special damages sought[2], plus the double of these

---

[1] Although a penalty is also available under La. Rev. Stat. Ann. § 22:658(B)(1), *renumbered as* La. Rev. Stat. Ann. § 22:1892(B)(1), an insured who shows that the insurer was arbitrary and capricious in its failure to pay cannot obtain a penalty under both Section 22:658 and Section 22:1220. *Calogero v. Safeway Ins. Co. of La.*, 1999-1625 (La. 1/19/00); 753 So. 2d 170, 174. Instead, she may recover the greater penalty under Section 22:1220 and attorney's fees under Section 22:658. *Id.*

[2] Plaintiff seeks the following special and general damages: loss of personal property and property value; inconvenience; loss of use of property; loss of income; loss of profits; loss of

amounts for statutory penalties, as well as possible attorney's fees, the Court finds that the jurisdictional amount-in-controversy has not been satisfied. Assuming Plaintiff would be entitled to the full balance of her insurance policy limit ($10,764.46), statutory penalties based thereon ($21,528.92), and attorney's fees at an exorbitant contingency rate of 50% ($16,146.70), the amount-in-controversy equals $48,440.10, well under the jurisdictional requirement. In order to meet this jurisdiction requirement, the general and special damages recoverable must be equal to or greater than $5,903.00, and even then, the 50% attorneys fees would likely be reduced for being unreasonable. Given these highly speculative calculations, the Court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional amount. This conclusion is distinguishable from the Court's previous decision in *Edinburgh v. American Security Insurance Co.*, 2010 WL 392392 (E.D. La. Sept. 28, 2010), in which the contractual damages sought under a property insurance policy were $72,078.00, just shy of the jurisdictional amount, which when combined with the possible recovery for extra-contractual relief, the damages sought, more likely than not, placed the plaintiff's claim at or above the jurisdictional minimum. Because the possible damages in the present case are substantially less than those sought in *Edinburgh* and fail to satisfy the requisite amount-in-controversy, the Court lacks subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction (R. 9) is hereby GRANTED.

---

business opportunity; emotional distress. *See* Pl.'s Supp. & Amend. Compl. at ¶ XXIII.

New Orleans, Louisiana, this 29th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE